UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7599-ODW (JEMx) | Date | April 28, 2020 |
|---|---|---|---|
| Title | Angelica R. Untalan v. Warren A. Stanley, et al. | | |

| Present: The Honorable | JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE |
|---|---|

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:**   **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO COMPEL NON-PARTY WITNESSES TO PRODUCE RECORDS (Docket No. 31)**

Before the Court is a Motion To Compel Non-Parties To Produce Records ("Motion") filed by Plaintiff Angelica Untalan ("Plaintiff" or "Untalan"). (Dkt. 31.) The two non-parties are the California Highway Patrol ("CHP") and the California Department of Justice ("CDOJ"). The Motion is GRANTED in part and DENIED in part.

Background

This is a 42 U.S.C. § 1983 and State law damages claim against officials and employees of CHP. (Dkt. 1.) The complaint alleges that on May 12, 2019 Untalan's car was seized and impounded without a warrant in violation of the Fourth Amendment and the Ninth Circuit decision in Brewster v. Beck, 859 F.3d 1194 (9th Cir. 2017). (Dkt. 1.) California Vehicle Code § 14602.6(a)(1) authorizes impounding a vehicle for 30 days when a peace officer determines that a person's driving privileges were suspended or revoked or is driving without a license. Brewster held that prolonged impounds by the Los Angeles Police Department under § 14602.6 without warrants violates the Fourth Amendment. Plaintiff asserts that LAPD and the LA County Sheriff's office have ceased impounding vehicles pursuant to § 14602.6 but that CHP has continued to do so in spite of Brewster.

Plaintiff served Fed. R. Civ. P. Rule 45 subpoenas regarding: (1) CHP computer data regarding vehicle seizures in California derived from a CHP 180 form and (2) electronic data contained in the CDOJ Stolen Vehicle System ("SVS") for impounded vehicles which includes data for all California law enforcement agencies, not just CHP.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7599-ODW (JEMx) | Date | April 28, 2020 |
|---|---|---|---|
| Title | Angelica R. Untalan v. Warren A. Stanley, et al. | | |

CHP and CDOJ object to disclosure of the subpoenaed records as irrelevant, over burdensome, overbroad and protected by the official information privilege and the constitutional right of privacy.

### Relevant Federal Law

Fed. R. Civ. P. Rule 34(c) states that, [a]s provided in Rule 45, a non-party may be compelled to produce documents. Rule 45 provides that a subpoena may command production of documents but also requires the issuing party to avoid imposing undue burden or expense on a person subject to the subpoena. Rule 45(d)(1).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1) goes on to say that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Federal law governs issues of privilege in federal court. Kelly v. City of San Jose, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987). Federal common law recognizes a qualified privilege for official information. Id. at 661. In applying the official information privilege, courts must balance the government's interest in protecting official information from disclosure against the plaintiff's need for the information. Id. at 660. Similarly, the right to privacy in federal court is not absolute. Edwards v. County of Los Angeles, 2009 WL 4707996 *3-*4 (C.D. Cal.) Federal courts must balance the right to privacy against the relevance and necessity of the information sought. Id. Concerns about privacy also can be mitigated by a protective order limiting the use of the information.

### Analysis

On May 12, 2019, Plaintiff was stopped by a CHP patrol officer, ostensibly because there was a crack in her car's windshield. (Complaint, Dkt. 1, ¶ 21.) The officer determined that Ms. Untalan had never been issued a driver's license. She only had a learner's permit which had been suspended for previous citations for driving without a license. (Id., ¶ 23.) The officer seized Plaintiff's vehicle pursuant to § 14602.6 and impounded it for 30 days. (Id.) Plaintiff offered to pay the towing and storage fees and appeared at CHP with a licensed driver who could legally drive the vehicle from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7599-ODW (JEMx) | Date | April 28, 2020 |
|---|---|---|---|
| Title | Angelica R. Untalan v. Warren A. Stanley, et al. | | |

storage lot. (Id., ¶ 25.) CHP, however, would not release the vehicle prior to expiration of the 30 day impound unless and until Plaintiff could satisfy one of the early release conditions specified in § 14602.6. (Id., ¶¶ 26-27.) At the conclusion of the 30 day hold, Plaintiff was unable to pay the accrued charges and the car was sold at auction. (Id., ¶ 31.) The seizure and impoundment were made without a warrant. (Id., ¶¶ 14, 38.)

Plaintiff seeks CHP and SVS data to establish that CHP has continued to seize and impound vehicles pursuant to § 14602.6 in violation of the Fourth Amendment and the June 21, 2017 Brewster decision. The documents sought are plainly relevant. Defendant CHP officers and employees assert qualified immunity (Affirmative Defense No. 12). (Dkt. 26.) Affirmative Defense No. 12 asserts there is no liability where one acts in good faith and "entertains an honest, reasonable belief that one's actions are in accord with the clearly established law." The Ninth Circuit held in Watkins v. City of Oakland, 145 F.3d 1087, 1092 (9th Cir. 1998) that, when a law enforcement officer asserts qualified immunity from liability under the Fourth Amendment, the district court must determine whether, in light of clearly established principles governing the conduct in question, the officer objectively could have believed his conduct was lawful.

Plaintiff is entitled to CHP and SVS computer data that demonstrate that enforcement of § 14602.6 has not decreased since Brewster. Plaintiff's need for the data is substantial and outweighs any state interests protected by the official information privilege or the right to privacy. CHP argues that there is no reason to obtain records related to impounds under different statutes but Plaintiff advises that data for all CHP-directed vehicle tows to show there was no change in the ration of § 14602.6 tows under other code sections, and as to total vehicle tows. (JS 15:10-12.) Plaintiff is entitled to computer data reasonably related to whether CHP continued to enforce § 14602.6 after Brewster.[1]

CHP offered to produce its CHP 180 data since May 2016 when the information was entered into a centralized computer system but Plaintiff has insisted on an unlimited

---

[1] CHP's Objections to Dwight Cook's Declaration (Dkt. 35) do not identify specific paragraphs to which the Objections are asserted. Additionally, Mr. Cook's explanation of why he needs the data on other statutes is not an improper lay opinion but one rationally based on the witness' perception as per Federal Rule of Evidence 701(a). The Objections are overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7599-ODW (JEMx) | Date | April 28, 2020 |
|---|---|---|---|
| Title | Angelica R. Untalan v. Warren A. Stanley, et al. | | |

time frame.  Plaintiff has not explained or justified how data going back several years is necessary to demonstrate CHP is still enforcing § 14602.6 after the June 21. 2017 Brewster decision.  For now, the Court will limit production of the CHP 180 data to the period on and after May 2016.  This will eliminate any issue of undue burden.  This ruling, however, is without prejudice if the data does not establish enough of a baseline prior to June 2017 to measure CHP's conduct after June 2017.

     The parties also discussed a protective order regarding confidential information in the CHP data but failed to reach an agreement.  The Court notes that in the State court action, Flynn v. State of California, Judge Strobel ordered the production of data derived from CHP 180 forms except that respondent may redact or exclude data: (a) not derived from the CHP 180 forms, (b) data containing the names and addresses of the legal and registered owners and (c) other personal information. (Dkt. 31-1, Ex. 4.)  Plaintiff indicated that she does not object to a protective order to protect vehicle owners' personal identity information (Joint Stipulation at 19) but apparently seeks only to limit the disclosure of the above confidential information to the public.  She wishes to gain access to the owners' personal identity information so that she can contact other owners.  CHP asks that such information be redacted.  The Court agrees the information should be redacted as it was in Flynn.  Plaintiff does not need the owner identity information to establish whether CHP continued to enforce § 14602.6 after Brewster.  As to this material, the balance of interests on disclosure favors CHP.  The Court also notes that the Drivers Privacy Protection Act § 2271(b)(1)(4) is permissive ("may be disclosed").  Plaintiff does not present any case authority that would require disclosure of personal confidential information.

     Apart from owner personal information which must be redacted, there is other information in the CHP 180 forms that is not generally available to the public.  The parties are ORDERED to meet and confer on a protective order and submit same to the Court **within 5 days of this Order**.  If the parties are unable to agree, then they shall file a Joint Status Report explaining why not and attaching their respective proposed protective orders.

     The SVS data includes the same CHP data discussed above but does not contain vehicle owner personal data.  Plaintiff, however, seeks data from other law enforcement agencies submitted to SVS.  CDOJ objects to providing that information, arguing it is irrelevant.  Whether other law enforcement agencies are or are not impounding vehicles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7599-ODW (JEMx) | Date | April 28, 2020 |
|---|---|---|---|
| Title | Angelica R. Untalan v. Warren A. Stanley, et al. | | |

pursuant to § 14602.6 does not prove that CHP is but it is evidence bearing on whether Brewster is perceived as clearly established law. As the SVS data base is not generally available to the public, the data will be subject to the protective order that the parties are to draft.

cc: All Parties

                                                                        :

                                Initials of Preparer        slo