1  ROB BONTA
   Attorney General of California
2  MARK T. CUMBA
   Supervising Deputy Attorney General
3  DONNA M. DEAN
   Deputy Attorney General
4  State Bar No. 187104
    300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
    Telephone:  (213) 269-6509
6    Fax:  (916) 731-2120
    E-mail:  Donna.Dean@doj.ca.gov
7  *Attorneys for Defendants*
   *Warren A. Stanley, Joseph Farrow, Tariq D.*
8  *Johnson, Jonathan Cochran, Joseph Zagorski,*
   *Justin Vaughan, and Paola Trinidad*
9

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| **ANGELICA R. UNTALAN,** | 2:19-cv-07599 ODW (JEMx) |
| Plaintiff, | **NOTICE OF APPEAL** |
| **v.** | Judge:       The Honorable Otis D. Wright, II |
| **WARREN A. STANLEY, et al.,** | Trial Date:   January 11, 2022 |
| Defendants. | Action Filed: September 6, 2019 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**

**RECORD:**

   **NOTICE IS HEREBY GIVEN** that Defendants Warren A. Stanley, Joseph

Farrow, Tariq D. Johnson, Jonathan Cochran, and Joseph Zagorski hereby appeal to

the United States Court of Appeals for the Ninth Circuit from the District Court's

Order Granting in Part and Denying in Part Defendants' and Plaintiff's Motions for

Partial Summary Judgment entered in this action on August 2, 2021 (Docket No.

113).  Defendants seek review of the District Court's denial of qualified immunity.

1  *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  A copy of the order is attached

2  hereto as Exhibit A.  The representation statement is attached hereto as Exhibit B.

3  Dated:  August 31, 2021                    Respectfully submitted,

4                                             ROB BONTA
                                              Attorney General of California
5                                             MARK T. CUMBA
                                              Supervising Deputy Attorney General
6

7                                             s/ Donna M. Dean

8

9                                             DONNA M. DEAN
                                              Deputy Attorney General
10                                            *Attorneys for Defendants*
                                              *Warren A. Stanley, Joseph Farrow,*
11                                            *Tariq D. Johnson, Jonathan*
                                              *Cochran, Joseph Zagorski,*
12                                            *Justin Vaughan, and Paola Trinidad*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

O

# United States District Court
# Central District of California

ANGELICA R. UNTALAN,

    Plaintiff,

    v.

WARREN A. STANLEY, et al.,

    Defendants.

Case № 2:19-cv-07599-ODW (JEMx)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT [94] [97]**

## I.    INTRODUCTION

Before the Court are the parties' Motions for Partial Summary Judgment on Plaintiff Angelica Untalan's claims arising under 42 U.S.C. § 1983 and California Civil Code section 52.1.  (Defs. Mot. Partial Summ. J. ("DMot."), ECF No. 94; Pl. Mot. Partial Summ. J. ("PMot."), ECF No. 97.)  For the reasons below, the Court **GRANTS in part and DENIES in part** both Motions.[1]

## II.    BACKGROUND

On May 12, 2019, Angelica Untalan was driving her Pontiac Grand Am (the "Vehicle") in Los Angeles County when she was stopped by Officer Paola Trinidad of the California Highway Patrol ("CHP").  (Defs. Statement of Genuine Issues ISO

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Defs. Opp'n ("DSGI") 1–2, ECF No. 99-2.)[2]   Trinidad determined Untalan had a suspended license and consequently impounded the Vehicle pursuant to California Vehicle Code section 14602.6 ("Section 14602.6").  (DSGI 3–4.)  This resulted in a thirty-day impound that required CHP authorization for release.  It could have been impounded under a different code section that did not provide a 30-day impound or require CHP authorization for release.  (Pl. Statement of Uncontroverted Facts ISO PMot. ("PSUF") 5–6, 14, ECF No. 97-1; DSGI 5–6, 14.)  Trinidad ordered Untalan out of her vehicle and patted her down, despite having no reason to believe she posed a threat.  (DSGI 7–11.)

When Untalan contacted the tow company to retrieve the Vehicle she was informed she needed CHP authorization.  (DSGI 13–14.)  On May 14, 2019, Untalan went to the CHP office with a friend who was licensed and could drive her car, but was informed her Vehicle would not be released due to the thirty-day hold.  (PSUF 15–17.)[3]

On May 17, 2019, Untalan's counsel spoke with CHP Sergeant Justin Vaughan on the telephone.  (DSGI 17; Pl. Statement of Genuine Issues ISO Pl. Opp'n ("PSGI") 16, ECF No. 101.)  Untalan's counsel informed Vaughan that refusal to release the Vehicle was wrongful under Ninth Circuit precedent, *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017).  (DSGI 18.)  Vaughan acknowledged the *Brewster* decision but stated it did not apply; he advised that Untalan could request a storage hearing for release of the Vehicle.  (DSGI 19–20.)

---

[2] Both parties submit objections to evidence and/or improper argument in their statements of fact. The Court **OVERRULES** all boilerplate objections and improper argument.  (*See* Scheduling and Case Mgmt. Order 7–9, ECF No. 33.)  Further, where the objected evidence is unnecessary to the resolution of the Motions or supports facts not in dispute, the Court need not resolve those objections here.  To the extent the Court relies on objected-to evidence in this Order, those objections are **OVERRULED**.  *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1122 (E.D. Cal. 2006) (proceeding with only necessary rulings on evidentiary objections).

[3] Defendants purport to dispute the facts underlying the May 14 event but offer no evidence in support, instead relying solely on objections to Untalan's evidence.  (*See* DSGI 15–16.)  As noted above, Defendants' objections are overruled.  Therefore, the Court considers these facts undisputed. *See* C.D. Cal. L.R. 56-3.

On May 23, 2019, CHP Lieutenant Jonathan Cochran conducted Untalan's storage hearing; CHP Lieutenant Joseph Zagorski was also present. (DSGI 21, 26, 28 PSGI 18.)   Cochran authorized a conditional release of the Vehicle to Untalan's counsel, who was not to allow Untalan access to the Vehicle for the remainder of the thirty-day period unless she obtained a valid license. (DSGI 26.)   Untalan's counsel informed Zagorski that Ninth Circuit authority required the CHP to release the Vehicle, but he refused to order an unconditional release. (DSGI 31–32.)   CHP Captain Tariq Johnson approved the May 23, 2019 Storage Hearing Report form after reviewing the underlying documents, including the citation, the form documenting seizure, a memorandum correcting that form, and Untalan's driving history. (DSGI 35–36.)

By the time of the conditional release on May 23, Untalan could not afford to pay the accrued towing and storage fees. (PSUF 27.)   On June 19, 2019, Untalan's counsel sent a letter to Johnson stating that Untalan had previously offered to pay any fees and have a licensed driver pick up her car, and that, under *Brewster*, the Vehicle should have been released on May 14, 2019. (DSGI 37.)   Johnson forwarded that letter to CHP's legal department. (DSGI 38.)   On July 1, 2019, the Vehicle was sold at a lien sale and Untalan lost all possession of it. (DSGI 43.)

Untalan asserts three claims against Defendants Warren A. Stanley, Joseph Farrow, Johnson, Cochran, Zagorski, Vaughan, and Trinidad ("Defendants") in their individual capacities: (1) unlawful search of person under 42 U.S.C. § 1983 and California Civil Code section 52.1(c), against Trinidad only; (2) unlawful vehicle impound under 42 U.S.C. § 1983, against all Defendants; and (3) violation of the Bane Act, California Civil Code section 52.1, against Stanley, Cochran, Zagorski, and Vaughan. (First Am. Compl. ("FAC") ¶¶ 33–43, ECF No. 84.)

Untalan and Defendants all move for partial summary judgment.  Untalan seeks partial summary judgment as to her first and second claims.  (*See generally* PMot.) Defendants seek partial summary judgment as to Untalan's second and third claims.

(*See generally* DMot.)   The motions are fully briefed.  (Defs. Opp'n to PMot., ECF No. 99; Pl. Reply, ECF No. 105; Pl. Opp'n to DMot., ECF No. 100; Defs. Reply, ECF No. 103.[4])

## III.   LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986), and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007).  A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment.  *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).  Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see Celotex*, 477 U.S. at 322–23. Nor will uncorroborated allegations and "self-serving testimony" create a genuine

---

[4] As Defendants' Reply exceeds the permitted page length, the Court does not consider it beyond page twelve.  *See* Standing Order of Hon. Otis D. Wright II, VII.A.3, https://www.cacd.uscourts.gov/honorable-otis-d-wright-ii ("Replies shall not exceed 12 pages . . . Filings that do not conform to the Local Rules and this Order will not be considered.").

issue of material fact.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).  The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to the case when that party will ultimately bear the burden of proof at trial.  *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out "the material facts as to which the moving party contends there is no genuine dispute."  C.D. Cal. L.R. 56-1.  A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute.  C.D. Cal. L.R. 56-2.  "[T]he Court may assume that material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion."  C.D. Cal. L.R. 56-3.

## IV.    DISCUSSION

The Court first considers Untalan's motion and then turns to Defendants'.

### A.    Untalan's Motion for Partial Summary Judgment

Untalan seeks summary judgment regarding her first two claims, unlawful search of person against Trinidad and unlawful vehicle impound against Defendants. Defendants do not oppose Untalan's motion with respect to the first claim for unlawful search of person.  (Defs. Opp'n 2 n.1.)  The Court has reviewed the evidence and finds Untalan has adequately supported partial summary judgment as to this claim.  Trinidad cannot claim the search was for her personal protection while Untalan was being transported because Trinidad did not transport her, but left her on the street. The Court thus focuses on her second claim, that Defendants' impound of the Vehicle violated the Fourth Amendment.   The Court first addresses the impoundment's constitutionality and then assesses each Defendant's liability.

5

*1.*     *Fourth Amendment Violation*

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV.  The Ninth Circuit has held that "[thirty]-day impounds under [S]ection 14602.6 are seizures for Fourth Amendment purposes." *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 142 (2019); *see also Brewster*, 859 F.3d at 1196 ("A seizure is 'a meaningful interference with an individual's possessory interests in [her] property.'" (quoting *Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992))).  "A seizure is justified under the Fourth Amendment only to the extent that the government's justification holds force.  Thereafter, the government must cease the seizure or secure a new justification." *Brewster*, 859 F.3d at 1197. While an initial seizure may be justified under Section 14602.6 pursuant to the community caretaking exception, "[t]he exigency that justifie[s] the seizure vanishe[s] once the vehicle arrive[s] in impound and [the owner] show[s] up with proof of ownership and a valid driver's license." *Id.* at 1196; *see also Sandoval*, 912 F.3d at 516 ("Once [the owner] was able to provide a licensed driver who could take possession of the truck, the [government's] community caretaking function was discharged.").

There is no dispute that Untalan's vehicle was seized pursuant to Section 14602.6, implicating the Fourth Amendment's protections.  Untalan presents evidence that she went to the CHP office on May 14, 2019, to pay the accrued storage fees and retrieve the Vehicle.  (PSUF 15.)  A friend who was licensed and could legally drive her car accompanied her.  (PSUF 15.)  Despite this, CHP personnel did not release the Vehicle.  (*See* PSUF 16.)  These facts plainly show Untalan's Fourth Amendment rights were violated as a matter of law under *Brewster* and *Sandoval*.

Defendants purport to dispute these facts but fail to provide counter evidence or raise a genuine issue for trial.  Instead, they merely object to the admissibility of Untalan's evidence on the grounds of relevancy, hearsay, and lack of foundation.  (*See* DGSI 15–16; Defs. Objs. ¶¶ 1, 2, 4, 9, 10, 12, ECF No. 99-1.)  First, "relevance

objections are redundant" at the summary judgment stage, *Burch*, 433 F. Supp. 2d at 1119, and Defendants' hearsay and lack of foundation objections lack merit. Further, "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Untalan submits declaration and deposition testimony that she went to the CHP office on May 14, 2019, accompanied by Douglas Foster who showed the CHP officer his license and insurance, but the officer refused to release the Vehicle. These facts are properly admissible before the Court—they reflect Untalan's personal knowledge and are not the hearsay statements of others. *See Gannon Int'l v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012) (finding hearsay objection properly overruled where it did "not even attempt to argue that the information contained in [the] statement could not have been presented in an admissible form at trial"). As such, Untalan has shown as a matter of law that she suffered a Fourth Amendment violation when the CHP refused to release the impounded Vehicle to her when the initial exigency had vanished.

### 2. Liability of Defendants[5]

Turning to Defendants' individual liability, § 1983 states that "[e]very person who, under color of [law] . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. "[F]or a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section [1983] should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." *Monroe v.*

---

[5] To the extent Defendants contend they are entitled to qualified immunity in their opposition to Untalan's motion or in their affirmative motion for partial summary judgment, the Court previously considered Defendants' argument on this issue and held they are not so entitled. (*See generally* Defs. MJOP, ECF No. 45; MJOP Order, ECF No. 75.) The Court sees no substantive differences in Defendants' argument here and is not inclined to revisit the issue.

1  *Pape*, 365 U.S. 167, 187 (1961), *overruled on other grounds by Monell v. Dep't of*
2  *Soc. Servs.*, 436 U.S. 658 (1978).

3       "Generally, proximate cause is a question of fact."  *Leaf v. United States*,
4  588 F.2d 733, 736 (9th Cir. 1978), *abrogated on other grounds by Sosa v. Alvarez-*
5  *Machain*, 542 U.S. 692 (2004).  "Proximate cause is said to depend on whether the
6  conduct has been so significant and important a cause that the defendant should be
7  legally responsible."  *Mendez v. Cnty. of Los Angeles*, 897 F.3d 1067, 1076 (9th Cir.
8  2018) (internal quotation marks omitted).  "[T]he touchstone of proximate cause in a
9  § 1983 action is foreseeability."  *Id.*

10      There is no dispute that the officers were acting under color of state law and, as
11  discussed above, no question that the series of events here is the cause in fact of the
12  constitutional violation—the prolonged impound.  Thus, the question is whether
13  Defendants were each the proximate cause of that violation such that holding them
14  liable is appropriate.  Although Untalan brings her second cause of action against all
15  Defendants, (FAC ¶¶ 38–39), she argues in her motion for the liability of only
16  Trinidad, Vaughan, Cochran, Zagorski, and Johnson, (*See* PMot. 11–16).  The Court
17  addresses each Defendant's liability in turn.

18          a.    *Trinidad*

19      Untalan contends Trinidad's decision to impound the Vehicle confers liability.
20  (PMot. 14.)  However, Trinidad's initial seizure was lawful and not the root of the
21  constitutional violation.  Rather, the violation arose with the *continued* seizure of the
22  Vehicle, after Untalan was prevented from retrieving it with a licensed driver on
23  May 14, 2019.  *See Sandoval*, 912 F.3d at 516–17 (holding that once the exigency is
24  extinguished, continued impoundment is unconstitutional).  The evidence
25  demonstrates that Trinidad had no involvement in the continued impoundment.
26  Further, Untalan's argument that Trinidad should have foreseen the subsequent
27  violation when she impounded pursuant to Section 14602.6, which provided a
28  thirty-day impound, rather than a different code section that did not, is not supported.

*See id.* at 519 ("[A] 30-day impound does not necessarily violate the Fourth Amendment. Instead, such a prolonged seizure is only unconstitutional when it continues in the absence of a warrant or any exception to the warrant requirement."). Drawing all reasonable inferences in the light most favorable to Trinidad as the nonmoving party, a reasonable juror could find Trinidad would not have foreseen the subsequent constitutional violation. Therefore, Untalan is not entitled to summary judgment against Trinidad for the second cause of action, unlawful impound.

### b. *Vaughan*

Turning to Vaughan, Untalan contends he is liable for the Fourth Amendment violation because he refused to release the Vehicle despite knowing of the *Brewster* decision. (PMot. 15.) The undisputed facts show that Untalan's counsel spoke with Vaughan on the phone on May 17, 2019, and asserted that, per *Brewster*, the refusal to release the Vehicle on May 14, 2019, was wrongful. (DSGI 17–19.) However, Untalan has not shown that Vaughan refused to release the Vehicle during that conversation or even that Vaughan could have done so.[6] The undisputed evidence shows only that a release did not occur following the phone call. Drawing all reasonable inferences in a light favorable to Vaughan, a reasonable juror could conclude he was not involved in prolonging the impoundment. As such, Untalan is not entitled to summary judgment against Vaughan on this claim.

### c. *Cochran and Zagorski*

Untalan groups Lieutenants Cochran and Zagorski together, arguing their involvement in the post storage hearing creates liability. (PMot. 15.) It is undisputed that Cochran conducted the hearing and authorized a conditional release of the Vehicle to Untalan's attorney. (DSGI 21, 26.) It is also undisputed that Zagorski participated in the hearing and he, too, failed to authorize an unconditional release from impound.

---

[6] Untalan points to Vaughan's deposition to support that Vaughan "would not authorize release" of the Vehicle unless Untalan "obtained a valid driver's license." (*See* PSUF 20.) Neither the cited deposition testimony nor its surrounding context supports Untalan's proposed fact. (*See* Decl. of Donald W. Cook ("Cook Decl.") Ex. F ("Vaughan Dep.") 93–95, ECF No. 97-2; DSGI 20.)

(DSGI 28, 32.)   Thus, Cochran and Zagorski knew the exigency had abated and possessed the authority to release the Vehicle.   However, Cochran released the Vehicle to Untalan's attorney, as Untalan's licensed agent, only on the condition that she "ensure that [Untalan] *will not have access* to said vehicle during the remainder of the [thirty]-day impoundment period."   (Cook Decl. Ex. N ("Release Agreement"), ECF No. 97-2 (emphasis added).)   The imposition of this condition on release, following the end of any exigency justifying seizure, is itself an unlawful continued seizure.   *See Sandoval*, 912 F.3d at 516–17 (finding continued seizure unreasonable once the owner provided a licensed driver who could take possession of the vehicle).

Viewing all reasonable inferences in Cochran's and Zagorski's favor, they both knew the seizure was no longer justified and had the authority to release the Vehicle, yet conditioned the release on denying Untalan access to the Vehicle for the remainder of the thirty-day impoundment period.   On these undisputed facts, any reasonable juror would find Cochran and Zagorski prolonged the seizure without justification. Untalan is therefore entitled to summary judgment against them on her second cause of action.

        *d.*    <u>*Johnson*</u>

Untalan next argues for summary judgment against Johnson.   (PMot. 15–16.) The undisputed facts show that Johnson approved the Storage Hearing Report and reviewed all underlying documents.   (DSGI 35–36.)   As such, like Cochran and Zagorski, Johnson knew the exigency had abated but nevertheless approved only a conditional release.   Thus, Untalan is entitled to summary judgment against Johnson on this claim as well.

        *3.*    *Summary—Untalan's Motion*

Based on the foregoing, the Court finds Untalan is entitled to summary judgment on her first claim for unlawful search of a person against Trinidad.   She is also entitled to summary judgment on her second claim for unlawful impound against Cochran, Zagorski, and Johnson, but not against Trinidad or Vaughan.   Untalan has

established as a matter of law that she suffered a constitutional violation due to an unlawful impound, but genuine issues of material fact remain regarding Trinidad's and Vaughan's liability for that violation. The Court therefore **GRANTS in part** and **DENIES in part** Untalan's Motion for Partial Summary Judgment.

**B.   Defendants' Motion for Partial Summary Judgment**

The Court next turns to Defendants' Motion seeking partial summary judgment on Untalan's second claim for unlawful impound under § 1983, and third claim for violation of the Bane Act, California Civil Code section 52.1. (DMot. 6–9, 16–17.) Defendants also argue they are entitled to various state law immunities with respect to Untalan's Bane Act claim. (*Id.* at 17–20.) The Court addresses each issue in turn.

*1.    Unlawful Impound*

Defendants first contend they are entitled to summary judgment on Untalan's second claim for unlawful impound because no Defendant violated Untalan's Fourth Amendment rights. (DMot. 6–9.) The Court discussed above that Untalan is entitled to summary judgment as to the unlawful impound against Cochran, Zagorski, and Johnson. Accordingly, Defendants' Motion is denied on this claim as to them and the Court considers Defendants' arguments as to the remaining Defendants—Trinidad, Vaughan, Former CHP Commissioner Farrow, and CHP Commissioner Stanley.

The legal requirements for liability on this claim are stated above and continue to apply here. However, as the Court now considers Defendants' Motion, the burdens and inferences are reversed. *See Celotex*, 477 U.S. at 322–23 (burden on moving party); *Scott*, 550 U.S. at 378 (reasonable inferences for nonmoving party). Thus, the Court now examines whether Defendants have shown there is no genuine dispute of material fact and they are entitled to judgment as a matter of law, taking all facts and reasonable inferences in Untalan's favor.

*a.    Trinidad*

As discussed above, the evidence demonstrates that Trinidad's initial seizure of the Vehicle was lawful and that Trinidad had no subsequent involvement in the

impound.   Untalan argues Trinidad's decision to impound the Vehicle under Section 14602.6 necessarily means she should have foreseen the unjustified prolonged impoundment by other officers down the line.  Not so.  Such a finding would subject every officer who lawfully impounds a vehicle pursuant to Section 14602.6 to liability for the subsequent actions of others handling the impoundment; this is simply not the law.  *See Jones*, 297 F.3d at 934 ("[T]here must be a showing of personal participation in the alleged rights deprivation."); *see also Sandoval*, 912 F.3d at 519 ("[A] 30-day impound does not necessarily violate the Fourth Amendment.").   Untalan has not shown or raised a genuine issue that Trinidad was involved in the subsequent prolonged impoundment.  Viewing all reasonable inferences in Untalan's favor, no reasonable juror could conclude Trinidad prolonged the impoundment.  *See Leaf*, 588 F.2d at 736 (discussing that proximate cause may be a question of law if "the proof is insufficient to raise a reasonable inference that the act complained of was the proximate cause of the injury").  Therefore, Trinidad is entitled to summary judgment on Untalan's second cause of action for unlawful impound.

> b.   <u>Vaughan</u>

Also discussed above, the evidence shows that Untalan's counsel spoke with Vaughan on the phone on May 17, 2019, and informed him that the prolonged impound was unlawful.   However, Untalan has offered nothing to suggest that Vaughan could have released the Vehicle or provided any other relief based on his sole interaction—the phone call.  Taking all facts and reasonable inferences in Untalan's favor, based on the evidence and undisputed facts before the Court, no reasonable juror could conclude that Vaughan refused to release the Vehicle or prolonged the impound.  *See Leaf*, 588 F.2d at 736.  As such, Vaughan is also entitled to summary judgment on Untalan's second cause of action.

> c.   <u>Farrow and Stanley</u>

Defendants contend Farrow and Stanley (the "Commissioners") are entitled to summary judgment because they were not personally involved with the constitutional

violation, and no supervisory liability attaches to their conduct because they had no involvement in any decisions to not change the impound policy. (DMot. 9.)

Supervisory liability can arise from "action or inaction in the training, supervision, or control of . . . subordinates, . . . acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011) (internal quotation marks omitted). Defendants do not dispute that the Commissioners and their staff are responsible for developing, reviewing, and approving CHP policy. (*See* Decl. of Chris Lane ¶ 2, Ex. 1 (Highway Patrol Manual 1.1) ¶ 1.5(a), ECF No. 94-4; *see also* Suppl. Decl. of Donald W. Cook ("Suppl. Cook Decl.") Ex. EE ("Decl. of Dale E. Bonner") ¶ 6, ECF No. 100-1.) Although Defendants argue the Commissioners were not involved in formulating the policy or the decision not to revise it, that itself supports Untalan's argument that the Commissioners may have been deliberately indifferent to constitutional violations of the type occurring here.

Untalan submits evidence of CHP management emails advising all CHP field offices of the *Brewster* decision, seeking advice regarding the legal impact of that decision, and providing legal advice from attorneys in the form of a client advisory. (*See* Suppl. Cook Decl. ¶¶ 5–6, Exs. HH, II.) Defendants argue Stanley would not have seen some of these and that the determination to not revise the policy was not elevated to the commissioner level, (DMot. 9–10), but viewing inferences in Untalan's favor, a reasonable juror could conclude from this evidence that Farrow and Stanley were aware of the *Brewster* decision and its legal import to CHP impound policy and failed to act. Therefore, Farrow and Stanley are not entitled to summary judgment on Untalan's second cause of action for unlawful impound.

     2.   *The Bane Act*

Defendants next contend they are entitled to summary judgment as to Untalan's third claim, violation of the Bane Act, because Defendants did not violate Untalan's

constitutional rights and Untalan cannot prove Defendants' specific intent to do so. (DMot. 16–17.)  Untalan brings this claim against Vaughan, Cochran, Zagorski, and Stanley.  (FAC ¶¶ 40–43.)  The Court has already determined Vaughan is entitled to summary judgment on the issue of whether he violated Untalan's rights and the remaining Defendants are not.  Therefore, the Court focuses on whether Untalan can prove Cochran's, Zagorski's, and Stanley's specific intent.

The Bane Act addresses hate crimes, "civilly protect[ing] individuals from conduct aimed at interfering with rights . . . where the interference is carried out 'by threats, intimidation or coercion.'"  *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (quoting *Venegas v. Cnty. of Los Angeles*, 153 Cal. App. 4th 1230, 1233 (2007)).  "The specific intent inquiry for a Bane Act claim is focused on two questions."  *Sandoval*, 912 F.3d at 520 (quoting *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 803 (2017)).  "First, '[i]s the right at issue clearly delineated and plainly applicable under the circumstances of the case,' and second, '[d]id the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right?'"  *Id.*  "So long as those two requirements are met, specific intent can be shown 'even if the defendant did not in fact recognize the unlawfulness of his act' but instead acted in 'reckless disregard' of the constitutional right."  *Id.*

Untalan's right to reclaim the Vehicle has been clearly established since the decisions of *Brewster* and *Sandoval*.  *See id.* ("[I]t was legally unclear whether the 30-day impounds were 'seizures' at all within the meaning of the Fourth Amendment until we issued our decision in *Brewster*.").  Thus, the question is whether the undisputed facts establish that Cochran, Zagorski, and Stanley acted with the particular purpose of depriving Untalan of the enjoyment of her right or reckless disregard of that right.

Defendants fail to point to evidence showing Cochran, Zagorski, or Stanley are entitled to summary judgment on the question of specific intent.  To the contrary,

several pieces of evidence support their intent to deprive Untalan of possession for thirty days, or reckless disregard for the constitutional harm such an unjustified seizure would cause: chiefly, the conditional release, which restricted Untalan's access to the Vehicle even if she had a licensed driver with her, and CHP policy regarding enforcement of the thirty-day impound despite Ninth Circuit precedent holding unjustified impounds unconstitutional.  Viewing all reasonable inferences in Untalan's favor, a reasonable juror could find this circumstantial evidence supports Cochran's and Zagorski's specific intent to deprive Untalan of her property as well as Stanley's reckless disregard for that deprivation.  Consequently, Cochran, Zagorski, and Stanley are not entitled to summary judgment on Untalan's Bane Act claim.

As Vaughan is entitled to summary judgment on the issue of whether he violated Untalan's constitutional rights, he is also entitled to summary judgment on her third claim for violation of the Bane Act.

### 3.    State Law Immunities

Finally, Defendants argue that even if Untalan can establish a Bane Act violation, (a) they are entitled to immunity based on California Government Code sections 820.6 and 821.6, and (b) Stanley is entitled to immunity based on sections 820.2 and 820.8.  (DMot. 17–20.)  "When applicable, these grants of immunity preclude the imposition of damages on public employees . . . ."  *Gibson v. Cnty. of Riverside*, 181 F. Supp. 2d 1057, 1086 (C.D. Cal. 2002).  "In general, under California law public employees are not liable for actions taken to enforce laws unless they act with malice or without due care or good faith."  *Id.* (citing Cal. Gov't Code §§ 820.4, 820.6, & 821.6).  Defendants bear the burden to establish immunity.  *Id.*

### a.    Government Code sections 820.6 and 821.6—Cochran & Zagorski

Section 820.6 provides immunity for public employees acting "in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional."  Untalan argues the evidence shows Defendants based their release refusals on CHP's impound policy, rather than on Section 14602.6, removing their

acts from the protective umbrella of section 820.6's immunity. (Pl. Opp'n 26–28.) She points to how the impound policy differs from the statute, in that it requires drivers obtaining early release to be denied all *access* to their vehicle—a requirement missing from Section 14602.6—and that the conditional release agreement mirrors the policy's language, rather than Section 14602.6's. (*Id.*; Release Agreement; *see* Decl. of Kaytie Sproul Ex. 6 (Highway Patrol Manual 81.2) ¶ 2.2.d.(10), ECF No. 94-2.) The Court agrees that this evidence raises doubts about whether Defendants were acting under authority of Section 14602.6 or were instead acting under authority of CHP policy, which is not an "enactment." *See* Cal. Gov't Code §§ 810.6, 811.6 (defining enactment and regulation, respectively). As such, a reasonable juror could find Defendants are not entitled to immunity under this section.

Next, Government Code section 821.6 is "confin[ed] . . . to malicious prosecution actions." *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) (quoting *Sullivan v. Cnty. of Los Angeles*, 12 Cal. 3d 710, 721 (1974)); *Blankenhorn v. City of Orange*, 485 F.3d 463, 488 (9th Cir. 2007) ("[A]s [section 821.6] applies to police conduct, [it] is limited to actions taken in the course or as a consequence of an investigation."). This matter does not concern an investigation or a malicious prosecution, so the immunity of Government Code section 821.6 does not apply. *See Blankenhorn*, 485 F.3d at 488.

### b.   *Government Code sections 820.2 and 820.8—Stanley*

Section 820.2 states that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him." Under this section, "[q]uasi-legislative policy decisions are protected from judicial scrutiny pursuant to a separation of powers rationale," but defendants must show "an actual policy decision made by an employee who consciously balanced risks and advantages." *Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 639 (9th Cir. 2012) (internal quotation marks omitted). Applied here, it is clear the undisputed facts do not establish that Stanley balanced the risks and

advantages of policy decisions.  Stanley disclaims *any* participation in the decision to not revise CHP policy in light of *Brewster*.  Even viewing the facts in favor of Untalan, such that Stanley did participate in that determination, no evidence suggests he exercised discretion or balanced any risks or advantages.  As such, Stanley is not entitled to summary judgment on the basis of this immunity provision.

Lastly, under Government Code section 820.8, "a public employee is not liable for an injury caused by the act or omission of another person."  This section codifies the accepted principle that public employees are liable only for their own torts.  *See Martinez v. Cahill*, 215 Cal. App. 2d 823, 824 (1963).  As discussed above, Untalan seeks to hold Stanley liable for his own deficient supervisory acts.  Therefore, this immunity does not apply either.

## V.   CONCLUSION

For the reasons discussed above, Defendants' Motion for Partial Summary Judgment is **GRANTED in part and DENIED in part**.  (ECF No. 94.)  Specifically, Defendants' motion is **granted** as to Trinidad and Vaughan on Untalan's second cause of action, **granted** as to Vaughan on Untalan's third cause of action, and **denied** as to all other issues and claims.  Untalan's Motion for Partial Summary Judgment is **GRANTED in part and DENIED in part**.  (ECF No. 97.)  Specifically, Untalan's motion is **granted** as to her first cause of action against Trinidad, **granted** as to her second cause of action in that she has established as a matter of law that she suffered a constitutional violation due to unlawful prolonged impound, **granted** as to her second cause of action on the liability of Cochran, Zagorski, and Johnson, and **denied** as to the second cause of action on the liability of Trinidad and Vaughan.

**IT IS SO ORDERED.**

August 2, 2021

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

EXHIBIT "B"

# **EXHIBIT B**

## **REPRESENTATION STATEMENT**

Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(B), counsel signing the notice of appeal assert that they represent Defendants Warren A. Stanley, Joseph Farrow, Tariq D. Johnson, Jonathan Cochran, Joseph Zagorski, Justin Vaughan, and Paola Trinidad in this matter and no other parties.  Defendants Warren A. Stanley, Joseph Farrow, Tariq D. Johnson, Jonathan Cochran, and Joseph Zagorski are the appellants with respect to this notice of appeal.  Below is a roster of the parties to this action that identifies their counsel by name, address, telephone number, and email address.

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Defendants-Appellants:<br><br>Warren A. Stanley, Joseph Farrow, Tariq D. Johnson, Jonathan Cochran, and Joseph Zagorski Brian Leyva | ROB BONTA<br>Attorney General of California<br>DANIELLE S. O'BANNON<br>Senior Assistant Attorney General<br>CATHERINE WOODBRIDGE<br>Supervising Deputy Attorney General<br>MARK T. CUMBA<br>Supervising Deputy Attorney General<br>DONNA M. DEAN<br>Deputy Attorney General<br>State Bar No. 187104<br>300 South Spring Street, Suite 1702<br>Los Angeles, CA 90013<br>Telephone: (213) 269-6509<br>Facsimile: (213) 897-2810<br>E-Mail:  Donna.Dean@doj.ca.gov |
| Plaintiff-Appellee:<br><br>Angelica R. Untalan | Donald W. Cook<br>Law Office of Donald W. Cook<br>3435 Wilshire Blvd., Suite 2910<br>Los Angeles, CA  90010<br>//<br>// |

| | Nisha Kasyap<br>Public Counsel<br>610 S. Ardmore Avenue<br>Los Angeles, CA  90076-0900 |
|---|---|

LA2019504166
Notice of Appeal.docx